FIRST DEPARTMENT, JANUARY, 1966

(January 18, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HECTOR RIOS, RAMON ORTIZ and FORAIDA TORRELLA, Respondents.— Order entered June 23, 1965, granting defendants' motion to suppress evidence, unanimously reversed, on the law and on the facts, and the motion denied. Although we accept the statement of the trial court that the testimony of the police officers is to be given full credence, the conclusion drawn from the testimony seems to us unwarranted. Acting on information that a person named Cuba would be "moving ounces of heroin" during the evening of November 20, 1964, Detective Albano, an officer with five years' experience in the Narcotics Bureau of the Police Department, proceeded at about 9:00 P.M. to a bar and grill located on Fifth Avenue between 110th Street and 111th Street where he had been informed Cuba would be found. He identified Cuba from the description furnished by the informer, and also observed a person later identified as the defendant Rios standing at the bar next to a woman standing next to Cuba. After about an hour Cuba left the bar and his subsequent movements were followed by Albano and his brother officer Orlick. They saw him enter a drugstore on 112th Street and purchase a can of milk sugar which, Albano testified, "is a mixture which is put into heroin to make the — It cuts the heroin to a lower per cent." Cuba then took a taxicab to 19th Street and Ninth Avenue, and was seen to enter a building in that neighborhood. Some five minutes later an automobile bearing New Jersey license plates arrived, and Rios and his two codefendants were seen to emerge and to enter the building which Cuba had entered. A half hour later Cuba left the building and the two officers approached him. When he saw them, he threw a package to the ground, which Albano picked up and examined and determined contained heroin. After arresting Cuba, who refused to answer any questions, the officers continued their watch of the building. At 2:00 A.M. the three defendants came out and entered their automobile. The officers blocked the vehicle with their own cars, drew guns and identified themselves as police. Rios was then seen to throw a paper bag to the street. The bag contained the heroin for the possession of which defendants were indicted and the use of which as evidence they seek to prevent. Orlick testfied that he retrieved the bag and that defendants were placed under arrest after the bag was examined and there was found within it a large glassine envelope apparently containing heroin. The trial court, however, was of the view that the arrest had occurred before the bag was thrown from the car, that it was made without probable cause, and that as the discovery of the contraband stemmed from an unlawful arrest its suppression was required. The People's argument that in any event the bag had been abandoned was rejected. We think it unnecessary to decide when the

417

arrest took place or whether the People's abandonment argument has merit. Even assuming that the arrest occurred when the defendants' automobile was blocked off, we are of the clear opinion that it was founded on probable cause. At that point of time it was established that Cuba had acquired possession of narcotics and that Rios was his acquaintance. It offends realities to conclude that Cuba, Rios and the latter's companions converged late at night upon the same out-of-the-way spot through the odd workings of innocent coincidence, hours after Cuba and Rios had been in the same East Harlem bar and grill several miles away. It was entirely sensible for the officers to reason that the attraction of narcotics, and only that, drew them. "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act." (*Brinegar* v. *United States*, 338 U. S. 160, 175; see *People* v. *Cassone*, 20 A D 2d 118, affd. 14 N Y 2d 798.)  Concur — Botein, P. J., Rabin, Valente, Stevens and Steuer, JJ.